UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ELROY JAMES THOMAS, | Case No. 15-CV-4479 (DWF/SER) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| POLK COUNTY, MINNESOTA; BARB ERH, Sheriff of Polk County, Minnesota, in her individual and official capacities; CHARLES RYAN CURTIS, Assistant Polk County Attorney, in his individual and official capacities; JESSEN R. ALEXANDER, Assistant Public Defender, in his individual and official capacities; PHILLIP K. JUVE, Sheriff Sergeant of Polk County, Minnesota, in his individual and official capacities; ARIELLE SUNDBERG, Probation Agent of Polk County, Minnesota, in her individual and official capacities; and LARAYNE (Surname Unknown), N.W.R.C.C. staff of Polk County, Minnesota, in her individual and official capacities, | |
| Defendants. | |

---

Plaintiff Elroy James Thomas[1] filed a complaint alleging several constitutional improprieties during his prosecution in Polk County, Minnesota for domestic assault. *See* 42 U.S.C. § 1983. Thomas filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. Thomas's IFP application is before the Court.

---

[1] Thomas lists his names as "Thomas Elroy J." in the caption of this complaint, writes "Elroy Jame Thomas" in the "parties" section, and signs his name "Elroy James Thomas." This Court will use the name provided in the signature block, which also accords with the relevant state-court records.

Because Thomas is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
>> (A) the average monthly deposits to the prisoner's account; or
>>
>> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments

over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, the "Certificate" section of Thomas's IFP application provides information derived from his inmate trust account — as required by § 1915(a)(2) — and shows that the amount of his average monthly deposits during the preceding six-month period was approximately $0.85, while his average monthly balance during the same period was approximately $0.25.[2] *See* ECF No. 2 at 6, 8. Thomas had no spending money in his prison trust account at the time he filed this action. *Id*. at 6. Based on that information, this Court concludes that Thomas has "no assets and no means" to pay an initial partial filing fee in this action. *See* 28 U.S.C. § 1915(b)(4). Accordingly, Thomas will not be required to pay an initial partial filing fee. That said, Thomas is required to pay the unpaid balance of the statutory filing fee — specifically, $350.00 — in installments pursuant to 28 U.S.C. § 1915(b)(2).[3] The Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where Thomas is confined.

---

[2] This Court cannot determine the exact amount of Thomas's average monthly balance or deposits over the past six months, because Thomas has provided IFP Certificates relating to the past *seven* months without also submitting information that would allow the Court to precisely exclude the seventh month from the calculation. *See* ECF No. 2 at 6-10. Based on the information provided by Thomas, it is overwhelmingly doubtful that this Court would have concluded that he has the assets and means to pay an initial partial filing fee had he submitted only information relating to the past six months.

[3] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On May 1, 2013, the district courts began to assess an additional $50.00 administrative fee, raising the total fee to $400.00. The Prison Litigation Reform Act applies only to the statutory filing fee, however. Thomas therefore will be required to pay the unpaid balance of the $350.00 statutory filing fee — not the $400.00 total fee — in installments, pursuant to § 1915(b)(2).

Because Thomas will not be required to pay an initial partial filing fee, the complaint is subject to screening under 28 U.S.C. § 1915A. Under that provision, this Court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must recommend dismissal of the complaint if that complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Thomas alleges state officials committed several improprieties during his prosecution for domestic assault in Polk County, Minnesota that began in February 2015. These alleged improprieties include the following: (1) defendant Barb Erh failed to adequately supervise officers of the Polk County Sheriff's Department, who arrested Thomas on an allegedly deficient warrant;[4] (2) defendant LaRayne (no first name provided) forced Thomas to sign documents

---

[4] Presumably (though Polk does not make this clear), defendant Phillip K. Juve executed this warrant and is being sued for largely the same reasons as Erh.

allowing information from previous offenses to be turned over to the Polk County Attorney's Office; (3) defendant Charles Ryan Curtis, as assistant Polk County prosecutor, allowed Thomas to be kept in jail without charges pending against him and later submitted a criminal complaint raising an assault charge for which there was no probable cause and which had already been dismissed; (4) defendant Jessen R. Alexander, his public defender, acted in concert with state officials by concealing these improprieties and allowing Thomas to appear in court without having taken his prescribed medication; and (5) defendant Arielle Sundberg, a probation agent, knew about these alleged improprieties and did nothing to stop or correct them. Thomas seeks monetary damages as well as injunctive relief in the form of an "audit on previous cases that Charles Ryan Curtis prosecuted" and a restraint on Curtis from future harassment and abuse of legal process in the future. *See* Compl. at 7 [ECF No. 1].

These claims are squarely barred by the principles discussed in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (footnote and citation omitted). In other words, a prisoner cannot maintain a civil action that, if successful, would necessarily cast doubt on the validity of his facially valid criminal conviction.

Thomas pleaded guilty to domestic assault in Polk County, Minnesota on March 23, 2015.[5] *See State of Minnesota*, No. 60-CR-15-193 (Minn. Dist. Ct. filed Feb. 4, 2015). By all indications, that conviction — which is still pending appeal, *see State of Minnesota v. Thomas*, No. A15-2016 (Minn. Ct. App. filed Dec. 15, 2015) — has not yet been reversed, expunged, or otherwise invalidated. Each of the claims raised by Thomas in this action, if successful, would necessarily call into question the validity of that conviction. *See Gautreaux v. Sanders*, 395 Fed. App'x 311, 312 (8th Cir. 2010) (per curiam) (finding that *Heck* bars claims "that police officers lacked probable cause for arrest and brought unfounded criminal charges" (citing *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)); *Diamond v. Wright*, 61 Fed. App'x 120 (5th Cir. 2003) (finding that argument that the plaintiff "should be released from confinement because he was not given an initial appearance within 48 hours is barred by *Heck* . . . .")). Therefore, under *Heck*, Thomas's complaint must be dismissed without prejudice. *See Blaise v. Smith*, 360 Fed. App'x 702, 702 (8th Cir. 2010) (per curiam) (dismissal based on *Heck* modified to be without prejudice). Finally, because this matter is recommended for dismissal, it is also recommended that Thomas's IFP application be denied.

RECOMMENDATION

---

[5] Thomas has artfully pleaded around the fact of his guilty plea and conviction. In reviewing whether a complaint states a claim on which relief may be granted, "the court is 'not precluded in [its] review of the complaint from taking notice of items in the public record.'" *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (quoting *Papasin v. Allain*, 478 U.S. 265, 269 n.1 (1986)). This Court has considered relevant public records, including the dockets maintained by the Minnesota courts, in finding that Thomas's claims are barred by *Heck*. *See Rasmusson v. Chisago Cnty.*, 991 F. Supp. 2d 1065, 1071 n.5 (D. Minn. 2014) (noting that document obtained from Minnesota state agency website constitutes a public record); *Haskell v. Moses*, No. 5:08CV00307 JMM, 2008 WL 5146702, at *2 (E.D. Ark. Dec. 8, 2008) ("The nature of the crimes for which Plaintiff has been convicted as an adult are readily available as public records: they can be found in the criminal docket files at the courthouse in the counties where he was convicted; they can be accessed on the Arkansas Department of Correction's website . . . .").

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE.

2. Plaintiff Elroy James Thomas's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

3. Thomas be required to pay the unpaid balance of the statutory filing fee for this action ($350.00) in the manner prescribed by 28 U.S.C. § 1915(b)(2), and that the Clerk of Court provide notice of this requirement to the authorities at the institution where Thomas is confined.

Dated:  January 12, 2016                         *s/Steven E Rau*
                                                 Steven E. Rau
                                                 U.S. Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.